UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                            Plaintiff,

v.                                                                     Criminal Action No. 3:21-cr-111-DJH

CHRISTOPHER S. MOYER,                                                                Defendant.

\* \* \* \* \*

### MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on October 26, 2021, with the following counsel participating:

| | |
|---|---|
| For the United States: | Amanda Gregory |
| For Defendant: | Christie Moore |
| | William Scott Croft |

The Court and counsel discussed the procedural posture of the case. Defense counsel indicated that additional time was needed to review discovery and discuss a plea agreement and that they would file a motion to continue the trial. The United States had no objection to the proposed continuance. Based on the discussion during the conference, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendant's unopposed motion to remand the trial (Docket No. 21) is **GRANTED**.

(2) The trial set for November 29, 2021, is **REMANDED** from the Court's docket, to be reset by subsequent order. All pretrial dates and deadlines are **VACATED**.

(3) By agreement of the parties, this matter is set for a status conference on **November 22, 2021, at 1:30 p.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

1

(4) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from October 29, 2021 to November 22, 2021 is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

October 29, 2021

David J. Hale, Judge
United States District Court

Court Time: 00/20
Court Reporter: Dena Legg

cc: Jury Administrator