UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:21-cr-111-DJH

CHRISTOPHER S. MOYER, Defendant.

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on January 13, 2022, with the following counsel participating:

| | |
|---|---|
| For the United States: | Amanda E. Gregory |
| For Defendant: | Christie A. Moore<br>William Scott Croft |

The Court and counsel discussed the procedural posture of the case. Counsel for Defendant previously filed an unopposed motion to declare the case complex. (Docket No. 26) The United States had no objection to declaring the case complex. Based on the discussion during the conference, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Consistent with the discussion on the record and without objection, the Court determines that the case is complex for purposes of computing the time in which trial should commence, due to the nature of the charges and corresponding voluminous discovery. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

(2) The unopposed motion to continue the trial and to declare the case complex (D.N. 26) is **GRANTED**.

1

(3)     By agreement of the parties, this matter is set for a status conference on **February 17, 2022, at 11:30 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

(4)     Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from January 13, 2022, to February 17, 2022, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

January 13, 2022

**David J. Hale, Judge**
**United States District Court**

Court Time: 00/05
Court Reporter: Dena Legg