**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:21-CR-00111-DJH**

**UNITED STATES OF AMERICA,**                                                       **Plaintiff,**

**v.**

**CHRISTOPHER S. MOYER,**                                                            **Defendant.**

## ORDER

Before the Court is motion for leave to travel internationally filed by Defendant Christopher S. Moyer ("Defendant"). (DN 36.) Defendant seeks permission to travel from Louisville to Dubai, United Arab Emirates from April 3, 2022 to April 8, 2022 for business purposes. (*Id.* at PageID # 94.) Specifically, Defendant, who owns a company specializing in aircraft parts, hopes to travel along with his vice president of sales for a "meeting with leadership at Emirates Airlines." (*Id.*) The United States does not oppose the motion. (*Id.*) Additionally, Defendant's probation officer confirmed that the Probation Office has no objection to the motion.

In support if his motion, Defendant states:

> [Defendant]'s bond conditions include an unsecured bond of $25,000 and a prohibition on international travel, with the understanding that, in the event such business travel was required, [Defendant] would be entitled to seek leave from the Court to travel. With that in mind, the Bond also requires that the Probation Office maintain a copy of [Defendant]'s Passport in the event such travel is authorized by the Court.

(*Id.*) Because this statement does not fully reflect the terms of the Court's bond order, the undersigned now provides clarification. During Defendant's September 27, 2021 initial appearance before the undersigned, the United States did not seek detention, and only requested that Defendant surrender his passport. (*See* DN 11, at PageID # 25.) Defendant did not object, except to inform the Court that an issue may arise concerning potential international travel for

business in October 2021.  Defendant suggested that he address the issue at a later time with his probation officer.  In response, the undersigned explained that he will order as a condition of release that Defendant not travel outside of the country.  The undersigned indicated that issues with potential future travel would be addressed if and when they arise but made clear that the default position is no international travel.  Defendant's probation officer then advised the Court that the Probation Office's ordinary protocol is not to maintain surrendered passports locally, which would create difficulty releasing Defendant's passport in the event that international travel is permitted.  The Court ordered that the Probation Office keep Defendant's passport in possession in order to eliminate this potential complication.  The Court's intention was *not* to require the Probation Office to make itself available to release Defendant's passport whenever he so requests.

On October 12, 2021, Defendant moved for leave to travel internationally to Amsterdam, the Netherlands, for a business conference for which he had purchased airfare prior to his arrest. (DN 14.)  Defendant provided his travel itinerary, a link to the conference website, and stated that "[t]he Conference is integral to [Defendant]'s business as it will offer [Defendant] an opportunity to meet with customers, vendors and possibly interested purchasers of the business." (*Id.* at PageID # 38.)  Subsequently, Defendant moved for and was granted leave to travel internationally to Mexico City, Mexico and Dubai, United Arab Emirates, for business conferences that Defendant similarly represented as integral to his business. (DN 29; DN 31; DN 32; DN 33.)  In both cases, Defendant also provided a web link to the conferences' itinerary. (DN 29, at PageID # 69; DN 32, at PageID # 79.)  In the instant motion, Defendant neither provides details about the scheduled meeting with Emirates Airlines leadership nor does he indicate that his presence is of significant importance to his business; nor did—as in the instance of his Amsterdam trip—Defendant indicate that the obligation to travel predated his arrest.  Given the Parties' and the Probation Office's

agreement, Defendant's motion will be granted in this instance. However, Defendant is advised that he is not relieved from the conditions of release set forth in the Court's bond order and that *any future motions for leave to travel internationally will be closely scrutinized.*

Accordingly,

IT IS HEREBY ORDERED as follows:

1. DN 36 is **GRANTED**.

2. Defendant is permitted to travel from Louisville, Kentucky to Dubai, United Arab Emirates as set forth in his motion.

3. No later than **March 30, 2022 at 5:00 PM EST**, Defendant shall provide his official travel itinerary to the Probation Office. The Probation Office is authorized to turn over Defendant's passport upon receipt of the itinerary.

4. Defendant shall return his passport to the Probation Office no later than **April 11, 2022 at 12:00 PM EST**.

Colin H Lindsay, Magistrate Judge
United States District Court

March 22, 2022

cc: Counsel of record
    Probation Office

3