## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CRIMINAL ACTION NO.  3:21-CR-00111-DJH-1

**UNITED STATES OF AMERICA,**                                          **Plaintiff,**

**v.**

**CHRISTOPHER S. MOYER,**                                          **Defendant.**

### ORDER

Before the Court is a motion for leave to travel internationally filed by Defendant Christopher S. Moyer ("Defendant").  (DN 43.)  Defendant seeks permission to travel from Louisville to Calgary, Canada from May 25 to May 27, 2022 for business purposes.[1]  (*Id.*, at PageID # 111.)  Specifically, Defendant, who owns a company specializing in aircraft parts, hopes to travel "for the purpose of meeting with leadership at Jazz Airlines."  (*Id.*)

In its February 17, 2022 order, the Court mandated: "Absent a showing of good cause, any future motion for leave to travel internationally shall be filed **no later than ten days before the anticipated departure date**."  (DN 33, at PageID # 86) (emphasis in original).  Here, Defendant filed his motion on May 16, 2022, nine days before his proposed departure date.  In his motion, Defendant explains that he "learned of the opportunity late Friday, May 13 and attempted to contact counsel. Unfortunately, counsel did not receive the message until [] May 16."  (DN 43, at PageID # 111 n.1.)  Defendant therefore requests "the Court's indulgence with respect to the timing of the motion."  (*Id.*)  Defendant has not provided sufficient facts for the Court to determine whether Defendant's explanation supports good cause for his delay.  For example, Defendant does

---

[1] In the motion, Defendant states: "He seeks to leave Louisville on March 25, 2022. He is scheduled to meet with Emirates on March 26 and will return to Louisville on March 27, 2022." (DN 43, at PageID # 111.)  While these dates passed long before Defendant filed his motion, it is clear in context that Defendant intended to list dates in May rather than March, and the Court therefore construes the proposed travel dates accordingly as set forth above.

not explain why he only became aware of trip on the eve of departure or whether he has been diligently monitoring potential business events in light of his Court ordered travel restrictions and deadline for requesting reprieve.  The Court notes that any lack of diligence on Defendant's part in complying with the Court's deadline would undermine the Court's confidence that Defendant would comply with whatever terms it might impose in permitting international travel.  Absent sufficient facts to make a determination, the Court will assume without deciding that there is good cause for Defendant's untimeliness and therefore will consider the merits of Defendant's request.

In its March 23, 2022 order, the Court addressed a motion to permit Defendant to travel to Dubai, United Arab Emirates to meet with leadership of Emirates Airlines.  (DN 37, at PageID # 98.)  The Court summarized Defendant's prior international travel requests, beginning with his detention hearing during which the undersigned advised that as a condition of release, Defendant would not be permitted to travel outside of the country.  (*Id.* at 98–99.)  The Court recounted:

> Defendant did not object, except to inform the Court that an issue may arise concerning potential international travel for business in October 2021. Defendant suggested that he address the issue at a later time with his probation officer. In response, the undersigned explained that he will order as a condition of release that Defendant not travel outside of the country. The undersigned indicated that issues with potential future travel would be addressed if and when they arise but made clear that the default position is no international travel.

(*Id.*)

The Court noted that Defendant later moved for leave to travel to Amsterdam, the Netherlands, for a business conference for which he had purchased airfare prior to his arrest.  (*Id.* at 99.)  The Court noted that it had granted that motion, as well as two subsequent motions to permit Defendant to travel to international cities for business purposes.  (*Id.*)  The Court emphasized that each of the previous motions had included details about Defendants scheduled

activities as well as a representation about the importance of his attendance to his business. (*Id.*) Unlike in the previous motions, the Court concluded that in the motion at issue, "Defendant neither provides details about the scheduled meeting with Emirates Airlines leadership nor does he indicate that his presence is of significant importance to his business; nor did—as in the instance of his Amsterdam trip—Defendant indicate that the obligation to travel predated his arrest." (*Id.*) The Court nonetheless granted the motion due to the lack of objection from the United States and the Probation Office but provided that "Defendant is advised that he is not relieved from the conditions of release set forth in the Court's bond order and that *any future motions for leave to travel internationally will be closely scrutinized*." (*Id.* at 100) (emphasis in original).

Despite this guidance, Defendant's instant motion provides even less of a basis to permit international travel than did the motion that the Court reluctantly granted. The instant motion appears to have directly copied the text of the earlier motion—at one point, stating that Defendant "is scheduled to meet with Emirates"—and suffers from the same deficiencies. (DN 43, at PageID # 111.) Indeed, the instant motion "neither provides details about the scheduled meeting with [Jazz] Airlines [] nor does he indicate that his presence is of significant importance to his business." (DN 37, at PageID # 99.) Additionally, the instant motion presents further omissions. For example, unlike the earlier motion, it does not indicate that Defendant will be travelling with one of his company's executives; in fact, it does not specify whether or not he would be accompanied by anyone. Consequently, the motion does not provide sufficient detail for the Court to assess the basis for the requested international travel nor does it provide the Court and the Probation Office with sufficient notice of his travels to ensure effective supervision. For these reasons, the Court finds that Defendant's motion does not establish that the requested trip to Calgary justifies a departure from the condition of release prohibiting international travel.

Accordingly,

IT IS HEREBY ORDERED that Defendant's motion to travel to Calgary, Canada between May 25 to May 27, 2022 is **DENIED**.

Colin H Lindsay, Magistrate Judge

United States District Court

May 18, 2022

cc:  Counsel of record