**FILED**

JAMES J. VILT, JR. - CLERK

AUG 0 8 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                                                    CRIMINAL NO. 3:21-CR-111-DJH

CHRISTOPHER MOYER                                               DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the

United States of America, by Michael A. Bennett, United States Attorney for the Western

District of Kentucky, and defendant, Christopher Moyer, and his attorneys, Christie Moore and

Scott Croft, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case

with violations of Title 26, United States Code, Section 7202.

2.      Defendant has read the charges against him contained in the Indictment, and those

charges have been fully explained to him by his attorneys.  Defendant fully understands the

nature and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Counts 1 through 14 in this case.

Defendant will plead guilty because he is in fact guilty of the charges.  The parties agree to the

following factual basis for this plea:

> From 1997 through at least August 2021, the defendant, Christopher Moyer,
> was an owner and the sole operator of TT Repairs, LLC, an aircraft repair
> business.  Throughout its operation, TT Repairs, LLC, was controlled by
> Defendant, who acted as TT Repairs, LLC's general manager.  Defendant
> controlled every aspect of TT Repairs, LLC's business affairs, including
> approving payments by TT Repairs, LLC, and controlling all of TT Repairs,
> LLC's bank accounts.  Defendant paid TT Repairs, LLC, employees on a

weekly basis. Defendant had primary responsibility for TT Repairs, LLC's payroll, kept track of TT Repairs, LLC's payroll taxes and other withholdings, and managed TT Repairs, LLC's finances.

From at least the beginning of 2015 through at least the end of 2018, Defendant caused TT Repairs, LLC, to make thousands of dollars of expenditures for Defendant's personal benefit, including for the benefit of his daughter and individuals he had a personal relationship with, while failing to pay over to the Internal Revenue Service taxes withheld from TT Repairs, LLC's employees' paychecks.

Defendant was required on a quarterly basis to cause TT Repairs, LLC, to collect, account for, and pay over income taxes and taxes imposed by the Federal Insurance Contributions Act ("FICA") as to TT Repairs, LLC's employees.

On or about the following dates, in the Western District of Kentucky, Jefferson County, Kentucky, Defendant willfully failed to truthfully account for and pay over to the Internal Revenue Service all of the federal income taxes and FICA taxes withheld from TT Repairs, LLC's employees' wages, and due and owing to the United States on behalf of TT Repairs, LLC, and its employees, for each of the following quarters:

| Date (on or about) | Calendar Quarter |
| --- | --- |
| November 2, 2015 | 3rd Quarter of 2015 |
| February 1, 2016 | 4th Quarter of 2015 |
| May 2, 2016 | 1st Quarter of 2016 |
| August 1, 2016 | 2nd Quarter of 2016 |
| October 31, 2016 | 3rd Quarter of 2016 |
| January 31, 2017 | 4th Quarter of 2016 |
| May 1, 2017 | 1st Quarter of 2017 |
| July 31, 2017 | 2nd Quarter of 2017 |
| October 31, 2017 | 3rd Quarter of 2017 |
| January 31, 2018 | 4th Quarter of 2017 |
| April 30, 2018 | 1st Quarter of 2018 |
| July 31, 2018 | 2nd Quarter of 2018 |
| October 31, 2018 | 3rd Quarter of 2018 |
| January 31, 2019 | 4th Quarter of 2018 |

4.     Defendant understands that the charges to which he will plead guilty carry a combined maximum term of imprisonment of 70 years, a combined maximum fine of $140,000, and a maximum three-year term of supervised release. Defendant understands that an additional

2

term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that fcertain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.     Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7.     Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.     If Defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty

3

or not guilty. The jury would be instructed that Defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence in his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.      At a trial, Defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If Defendant desired to do so, he could testify in his own behalf.

8.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.      As a condition of this plea agreement, Defendant acknowledges there is an outstanding payroll tax obligation owed to the IRS. Defendant agrees to negotiate in good faith the terms of an IRS Form 906 Global Settlement Closing Agreement to resolve those payroll tax obligations.

4

10.     Defendant acknowledges liability for the special assessment mandated by 18

U.S.C. § 3013 and will pay the assessment in the amount of $1,400 to the United States District

Court Clerk's Office by the date of sentencing.

11.     At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the
applicable Guideline Range, but not less than any mandatory
minimum term of imprisonment required by law.

-recommend a reduction of 3 levels below the otherwise applicable
Guideline for "acceptance of responsibility" as provided by
§3E1.1(a) and (b), provided Defendant does not engage in future
conduct which violates any federal or state law, violates a
condition of bond, constitutes obstruction of justice, or otherwise
demonstrates a lack of acceptance of responsibility.  Should such
conduct occur and the United States, therefore, opposes the
reduction for acceptance, this plea agreement remains binding and
Defendant will not be allowed to withdraw his plea.

- agree not to bring any additional charges against Defendant
related to tax liability covered by the IRS Form 906 Global
Settlement Closing Agreement referenced in Paragraph 9.

12.     Both parties have independently reviewed the Sentencing Guidelines applicable in

this case, and will make arguments regarding how the Sentencing Guidelines apply.  The parties

agree as follow:

A.     The Criminal History of Defendant shall be determined upon completion

of the presentence investigation, pursuant to Fed. R. Crim. P 32(c).  Both parties reserve

the right to object to the USSG § 4A1.1 calculation of Defendant's criminal history.

B.     Neither parties' position regarding the applicability of sections of the

Sentencing Guidelines are binding upon the Court.  Defendant understands the Court

will independently calculate the Guidelines at sentencing and Defendant may not

5

withdraw the plea of guilty solely because the Court does not agree with the Sentencing

Guideline application.

13.     Defendant agrees to the following waivers of appellate and post-conviction rights:

A.  Defendant is aware of his right to appeal his conviction and that 18 U.S.C. §
    3742 affords a defendant the right to appeal the sentence imposed. Unless
    based on claims of ineffective assistance of counsel or prosecutorial
    misconduct, the Defendant knowingly and voluntarily waives the right to
    directly appeal his conviction and the resulting sentence pursuant to Fed. R.
    App. P. 4(b) and 18 U.S.C. § 3742.

B.  Defendant is aware of his right to contest or collaterally attack his conviction
    and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based
    on claims of ineffective assistance of counsel or prosecutorial misconduct,
    Defendant knowingly and voluntarily waives any collateral attack
    argument; and

C.  Defendant knowingly and voluntarily waives the option to file a motion to
    have his sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule
    35(b) motion filed by the government or a motion for compassionate release
    under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until
    such provision is modified by the Sentencing Commission, filed by the
    defendant.

14.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and

understands and agrees that sentencing may be delayed. The reason for such waiver is so that at

sentencing the Court will have the benefit of all relevant information.

15.     Defendant agrees not to pursue or initiate any civil claims or suits against the

United States of America, its agencies or employees, whether or not presently known to

Defendant, arising out of the investigation or prosecution of the offenses covered by this

Agreement.

16.     Defendant hereby waives all rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation

6

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning Defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of Defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

18.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19.     The- Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea Defendant may be detained pending sentencing.

20.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and Defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

21.      Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

22.      This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and Defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been

or will be made to Defendant in connection with this case, nor have any predictions or threats

been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney
By:

Amanda E. Gregory                                    8-8-2022
Assistant United States Attorney                     Date

     I have read this Agreement and carefully reviewed every part of it with my attorney.  I
fully understand it and I voluntarily agree to it.

Christopher S. Moyer                                 8/8/2022
Defendant                                            Date

     I am the defendant's counsel.  I have carefully reviewed every part of this Agreement
with the defendant.  To my knowledge my client's decision to enter into this Agreement is an
informed and voluntary one.

Christie Moore                                       8-8-22
Scott Croft                                          Date
Counsel for Defendant

MAB:AEG