UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL NO. 3:21-CR-111-DJH |
| CHRISTOPHER MOYER | DEFENDANT |

### SENTENCING MEMORANDUM

*ELECTRONICALLY FILED*

The United States of America, by counsel, Assistant United States Attorney Amanda Gregory, files its memorandum in support of sentencing in this action currently scheduled for December 14, 2022. The United States does not plan to put on any witnesses at the hearing.

The United States takes the position the appropriate guideline application for Counts 1 through 14 of the Indictment results in a total offense level of 19. As the defendant has a Criminal History Level of I, this results in a sentencing range of 30 to 37 months. Considering this sentencing range, and the sentencing factors under Title 18, United States Code, Section 3553(a), it is the position of the United States that a sentence of 30 months, at the low end of the sentencing range, is appropriate.

### I.  BACKGROUND AND OFFENSE CONDUCT

The defendant, age 69, is the owner and operator of TT Repairs, LLC ("TTR"), an aircraft wheel and brake repair shop located in Louisville, Kentucky. The defendant opened TTR in the late-1990's with financial backing from investors, though the defendant managed TTR himself. Initially, TTR was a small business with only a handful of employees. By 2015, the defendant had bought out the early investors and grown the business to over 20 employees.

1

The defendant handled payroll for employees using QuickBooks. The defendant personally signed TTR checks. In calculating payroll on QuickBooks, the defendant withheld the employee portion of FICA and federal income tax ("trust fund taxes") from employee wages, but failed to pay over the tax to the Internal Revenue Service. Moreover, the defendant did not file the required Employer's Quarterly Federal Tax Returns ("Forms 941") and he did not pay the employer portion of the payroll tax.

From 2015 through 2018, the defendant withheld $1,124,300.32 from employees' wages in trust fund taxes that he failed to pay over to the Internal Revenue Service. During the same period, the defendant failed to pay $432,203.32 in the portion of the payroll tax TTR was obligated to pay as an employer. For 2005 through 2018, the total of unpaid trust fund taxes withheld from TTR employees' wages and the unpaid TTR employer portion of the payroll tax was approximately $2.25 million.

## II. GUIDELINES CALCULATION

The Sixth Circuit has noted that, although advisory, the Sentencing Guidelines should still be "'the starting point and the initial benchmark' for choosing a defendant's sentence." *United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012) (*citing Gall v. United States,* 552 U.S. at 49 (2007)). Here, the defendant's total offense level under the guidelines should be 19.

### A. Base Offense Level

The base offense level is determined pursuant to Sections 2T1.1 and 2T4.1. Application Note 2 of Section 2T1.1 provides, "In determining the total tax loss attributable to the offense (see §1B1.3(a)(2)), all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." *See also United States v. Pierce*, 17 F.3d 146, 150 (6th Cir. 1994). Here, tax loss from

the charged counts is the trust fund taxes withheld from employees' wages during the charged period. Relevant conduct includes the trust fund taxes withheld from employees' wages dating back to 2005, as well as the unpaid employer portion of the payroll tax. Here, this amount is approximately $2.25 million. As such, the base offense level is 22, pursuant to Section 2T4.1(I).

### B. Abuse of Position of Trust

The initial Presentence Report included a two-level increase for abuse of position of trust under Section 3B1.3. However, this should not apply as the defendant was not in a position of trust with respect to Internal Revenue Service, which is the victim. *See United States v. May*, 568 F.3d 597, 602-604 (6th Cir. 2009).

### C. Acceptance of Responsibility

The defendant made a timely acceptance of responsibility, sparing the United States the expense of preparation for trial. As such, the defendant is entitled to a three-point reduction pursuant to Section 3E1.1(a) and (b).

### D. Total Offense Level

Recognizing that the Sentencing Guidelines are the starting point for determining an appropriate sentence, and using the above-cited provisions, the United States has calculated the appropriate offense level of 19.

### III. CRIMINAL HISTORY

The United States concurs with the Criminal History Category calculation in the Presentence Report. The defendant has no criminal history points and is in Criminal History Category I.

## IV.  18 U.S.C. § 3553(a) FACTORS

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).  Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed;

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
    . . .

(5) any pertinent policy statement--
    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The defendant has been convicted of failure to pay trust fund taxes that were withheld from his employees' paychecks.  The sentence imposed in this action should adequately reflect the seriousness of the offense, provide adequate deterrence, and provide a just punishment no greater than necessary.  Based on these factors, as outlined below, the United States recommends a sentence of 30 months, at the low end of the sentencing guideline range.

A. **The nature and circumstances of the offense and the history and characteristics of the defendant**

An employer's failure to pay trust fund taxes is a serious crime that contributes to the underfunding of key social programs like Social Security and Medicare. The Internal Revenue Service is the victim in this case, as the funds should have been turned over to the Internal Revenue Service. However, the defendant's actions also had a direct impact on his employees. Several were audited and others had to advocate to the Social Security Administration to get credit for the trust fund taxes that had been withheld from their pay.

However, the defendant is 69 years old and does not have any criminal history. While his crime took place over a long period of time, it is a crime of omission. It does not appear the defendant made any efforts to thwart Internal Revenue Service collection efforts or hide his conduct. Further, it appears he is working towards a civil settlement with the Internal Revenue Service that would involve payment of the trust fund taxes that are owed.[1]

B. **The need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment for the offense**

As stated above, failure to pay over trust fund taxes is a serious crime. The defendant, like all other citizens, receives benefits that come from the government that only exist because of tax revenue.

C. **The need for the sentence imposed to provide adequate deterrence to criminal conduct**

The United States has a tax system that relies on voluntary compliance. The vast majority of people comply, but failure to pay trust fund taxes and other forms of tax evasion are not unusual.

---

[1] At this time, no settlement has been reached, and it is unclear whether any agreement will be signed by sentencing.

Many instances of this conduct go undetected or are dealt with through civil proceedings with the IRS. For the voluntary system to work, it is important that willful failure to pay taxes be punished sufficiently to serve as a deterrence.

### V.    CONCLUSION

For the reasons set forth herein, the United States respectfully requests that the Court apply the Sentencing Guidelines, as outlined above, follow the statutory directives set out in 18 U.S.C. § 3553(a), and impose a sentence of 30 months, which is the low end of the sentencing guideline range.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

/s/ Amanda E. Gregory
Amanda E. Gregory
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-5016
FAX: (502) 582-5097

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

 s/ *Amanda E. Gregory*
Amanda E. Gregory
Assistant U.S. Attorney

6