UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*v.* )<br>)<br>CHRISTOPHER S. MOYER )<br>)<br>*Defendant*. )<br>) | Criminal Action No. 3:21CR-111-DJH<br><br>Judge David J. Hale |

**AMENDED SENTENCING MEMORANDUM OF CHRISTOPHER S. MOYER**

On February 2, 2023, the Court must decide a sentence for Christopher Moyer that is sufficient to penalize his tax offenses, but no greater than necessary to satisfy the traditional goals of punishment. The Presentence Report calls for a sentence of 30 - 37 months. Yet, such a sentence – and indeed any incarceration - is too severe a punishment under the circumstances.

Mr. Moyer has admitted his wrongdoing and has, from the beginning, expressed his intent to make his employees and the United States whole for the taxes due and owing for the years in question. Mr. Moyer already has paid a seven-figure first payment to the United States and will ultimately pay penalties and interest far exceeding the amount of taxes due as punishment. Moreover, Mr. Moyer, who has no previous criminal record, is an owner of a successful business and has strong family and community ties. Each of these reasons, as described more fully below, justify a substantial reduction of the Guidelines recommendation, either by downward departure or by imposition of a "non-

22558575.v1

guidelines" sentence which allows for either home incarceration or probation, as provided for in 18 U.S.C. § 3561(c)(1).

In short, the Court can fashion a sentence sufficient to punish Mr. Moyer for his crime and remain faithful to the goals of sentencing, and still allow Mr. Moyer to continue operating his business – for the good of his employees and in furtherance of his ability to make those employees and the United States whole. Mr. Moyer therefore respectfully requests that the Court impose a sentence that includes home detention.

## BACKGROUND

Mr. Moyer began his career in California, and in the late 1990's moved to Louisville to grow his business. TT Repairs was developed to perform brake and wheel repairs on commercial aircraft. It began with Mr. Moyer and one other employee and has grown substantially to become an international company with more than 30 employees. Employee Statements attesting to Mr. Moyer's character as a person, as an employer and as a member of the Louisville community are attached hereto as **Exhibit 1**. From the beginning, Mr. Moyer handled every aspect of the business. Over time, the business grew both in employees and in the type of work conducted by the Company. It continued with the original mission, and grew into design and fabrication of equipment necessary to perform the brake and wheel repairs that formed the foundation of the business. TT Repairs now holds patents on equipment it has designed and fabricated and provides service to such airlines as UPS Airlines, AeroMexico, Jazz, Wideroe, Royal Air Marco, Goodrich and Boeing, to name a few.

As the business grew, so did Mr. Moyer's responsibilities. Over time, with travel and other significant business growth and maintenance issues, Mr. Moyer neglected several important aspects of the accounting and payroll obligations.

Once contacted by the IRS, however, Mr. Moyer cooperated, retained counsel, and began making changes to the way the business was operated. He no longer handles payroll or the withholdings or paying of withholdings over to the various taxing and other authorities. He voluntarily agreed to make the government whole, not just for the withholdings, but also for his own tax liabilities. He has executed the Closing Agreements, admitting to the amounts due and owing, including penalties and interest, and, as stated above, made a significant initial payment toward those debts.

In the end, Mr. Moyer has admitted to failing to truthfully account for and pay over to the Internal Revenue Service federal income taxes and FICA taxes withheld from TT Repairs, LLC's employees' wages, in violation of 26. U.S.C. § 7202. Mr. Moyer has cooperated with the IRS with respect to the proper liabilities for the years identified in the Indictment and Plea Agreement, and in fact has cooperated in every way since the investigation was initiated back in 2019.

The government has already advised Mr. Moyer and the Court that the actual losses incurred as a result of the charged activity is $1,075,478.56. When penalties and interest are added, however, Mr. Moyer will be paying to the government $4,025,911.25.

In addition, Mr. Moyer has also executed an agreement with the civil division of the IRS with respect to any outstanding federal income tax that may be due between 2013 and 2018. The amount of actual tax due is $516,115. When penalties and interest are added, the amount Mr. Moyer will pay is no less than $1,262,397.72. Mr. Moyer has made clear his willingness to repay to the government those full amounts.

Given the circumstances, a sentence of incarceration will only cripple the business, put the employees at risk, and also severely limit the assets available for

repayment. The employees of TT Repairs deserve to continue to enjoy employment at a successful and viable company. A sentence of incarceration would make it nearly impossible for the business to continue.

In the end, Mr. Moyer will make his employees whole and pay interest and penalties on the amounts due. He will have also made the government whole, and then some. With penalties and interest Mr. Moyer will have paid nearly two times the taxes assessed.

He is still very active in and *essential* to the business, meeting with past and potential clients around the world. He is the face and backbone of the business. The success of the business ties directly into his ability to make full payment to the government and the employees.

## DISCUSSION

Mr. Moyer asks that the Court impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. 3553(a). In doing so, the court, in determining the particular sentence to be imposed, shall consider--

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed

    **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    **(B)** to afford adequate deterrence to criminal conduct;

    **(C)** to protect the public from further crimes of the defendant; and

    **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for—

    **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .

I. **The Nature And Circumstances Of The Offense And The History And Characteristics Of The Defendant**.

    Mr. Moyer is currently married and has a daughter from a previous marriage. He has been operating his business for more than 20 years, growing it into a successful business, located right here in Louisville. He has no criminal history. And while he admits to the charges in the Indictment, he will, in the end, make the government and the employees whole, and then some.

    In addition, at the outset of the investigation, Mr. Moyer retained accounting services and services to take over the payroll tasks to assure future compliance. These organizational changes will help assure compliance going forward and allow him to concentrate on core business operations.

    Under the circumstances, a sentence that will allow Mr. Moyer to continue to oversee the operations of TT Repairs will meet the goals of 18 U.S.C. 3553 and meet the ends of justice.

II. **A Sentence Which Includes Home Detention Will Reflect The Seriousness Of The Offense And Promote Respect For The Law.**

    A sentence which includes home incarceration will reflect the seriousness of the offense and will promote respect for the law. In fact, in addition to the actual sentence, the fact that Mr. Moyer will be paying the outstanding liability, along with the payment of interest and penalties also reflects the seriousness of the offense and Mr. Moyer's understanding of the seriousness of the crime and the importance of compliance going forward.

**II.    A Sentence of Home Detention Will Provide Just Punishment For The Offense And Will Afford Adequate Deterrence To Criminal Conduct**.

A term of imprisonment is not necessary to afford adequate deterrence in this situation. Mr. Moyer took steps early in the process to resolve any issues which would allow for a repeat of the failures which led to the Indictment. The organization now vests authority for payroll to an outside service, and accounting in general has been taken over by others in the Company. An outside accounting firm was retained to assist with ensuring Mr. Moyer's personal tax liabilities are identified for payment in a timely manner.

The fact of the Indictment and the plea of guilty itself also acts as a deterrent. Evidence is found in the changes made by Mr. Moyer up to this point, both personally and professionally. The fact of home incarceration, and the limitations that will be placed upon him will also serve as a deterrent to future actions.

Moreover, and critically, given the essential nature of Mr. Moyer's role in the TT Repairs business, a sentence of home incarceration will enable Mr. Moyer to make his employees and the United States whole more quickly and more completely, serving as further deterrence to future violations and serving the interests of justice.

## CONCLUSION

Mr. Moyer respectfully requests that the Court sentence him to home incarceration.

Respectfully submitted,

*/s/ W. Scott Croft*

W. Scott Croft
DENTONS GREENEBAUM DOLL LLP
3500 National City Tower
101 S. Fifth Street
Louisville, KY 40202
502.587.3758
scott.croft@dentons.com

COUNSEL FOR DEFENDANT
CHRISTOPHER MOYER

CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day of January, 2023, the foregoing was filed via ECF and therefore served upon all counsel via the Notice of Electronic Filing.

/s/W. Scott Croft
COUNSEL FOR DEFENDANT